The opinion of the Court was delivered by
Parker, C. J.
The facts agreed in this case, if disclosed in a plea in bar, would certainly have been a sufficient defence to the present action, on two grounds. They would prove that the defend *131 ant had fully administered the estate of her intestate; and that the plaintiffs were barred by the statute limiting suits against executors and administrators.
The plaintiffs, therefore, found their claim upon a provision of the statute which gives, as they think, a right of action to any creditor who, not having exhibited his claim against an insolvent estate, shall at any time afterwards discover estate of the deceased not inventoried or accounted for.
There are many difficulties in the way of these pretensions. We are entirely satisfied that the statute was intended to give a right to the creditor, who should neglect or * refuse to exhibit his claim, seasonably, to maintain his action, and recover judgment, and perhaps satisfaction, for the whole of his debt, while all the other creditors would probably obtain but a small portion. If this be the intent of the statute, it would seem that the estate discovered should be something concealed by the executor or administrator; and that the creditor making the discovery should have a right to it, as a reward for his remarkable vigilance.
, We can hardly think that the fact of a judgment, recently recovered by the heirs of the intestate, for land to which he had lost his right of entry, can be considered as the discovery ef estate not inventoried or accounted for by the administratrix. I cannot avoid believing that the real object of the legislature was to create a check upon executors and administrators, by making it the interest of their creditors, who had lost their remedy against the estate inventoried, to scrutinize their conduct, and search for property which had been purposely or negligently omitted in the inventory.
But, without deciding any thing upon this point, there is another more decisive against the plaintiffs. The estate discovered, which gives the right of action, (if any be given by the statute, which may be considered as doubtful,) must be the estate of the deceased. But can he be said to have had an estate in land, of which he had been disseised, and to which he had lost his right of entry ? He had a right to the land; but we think not such an estate as may be the subject of discovery, within the meaning of the terms of the act.
Whether the administrator may sell, upon license, the right of the intestate to land thus situated, may be uncertain; as, by the 5th section of the statute now in force, regulating the descent and distribution of intestate estates, (1) it is the lands, tenements, and hereditaments, of which the intestate died seised, or of which he *132 was colorably or fraudulently disseised, that are made liable for the payment of his debts.
But even if this were not against the plaintiffs in the present action, we are all of opinion that the suit is barred * by the statute of 1788, c. 66, which provides for the limitation of suits against executors and administrators. This statute is peremptory, that no executor or administrator shall be held to answer after the time prescribed ; and it has been decided to be the duty of executors and administrators to plead this statute. Tn the case at bar, more than fifteen years had elapsed, since notice of the administration, before the suit was commenced. But it is said, the right of action did not commence until the estate was discovered, and that this statute was not intended to limit suits of this description. How to make this exception we cannot devise. The statute is most general and comprehensive — “ No executor, &c., shall be compelled or held to answer to the suit of any creditor, &c., unless,” &c.; and was passed five years after the one which gives the doubtful remedy sought in this action. Nor is it certainly to be lamented that a creditor who was altogether negligent of his affairs should be prevented from appropriating to himself the estate of the deceased, upon a pretence that he has discovered it, when, upon notice to. the administratrix, the same estate may be made to serve the purpose of distribution among all the creditors. It is not the accruing of a right which is thus barred by the operation of this statute, but merely preventing the operation of an exclusive privilege in favor of one creditor.
It is of importance to the whole community that this statute of limitations, made for the protection and ease of executors and administrators, and for the tranquil enjoyment of estates by heirs and others, should be enforced according to its spirit and intent. There is no reason why the administratrix should be liable to a suit where estate has been discovered. If there be such discovery, application should be made to her to administer upon the estate so discovered; if she neglects her duty in the case, she will be removed from her trust, upon application to the judge of probate, (a)

Plaintiffs nonsuit.

 Stat. 1805, c. 90.

 Vide Wildridge vs Patterson, post, 148.—Mansfield vs. Patterson, post, 491 Paine vs. Nichols, post, 964.— Walker vs. Hill, 17 Mass. Rep. 380. —Johnson vs Ames, 6 Pick. 330.