CATHERINE WELSH *vs.* ANN WELSH & another.

The administrator of the insolvent estate of a deceased person may maintain a bill in
equity, filed within two years after giving bond, to recover for the benefit of the credit-
ors, even if all their claims are otherwise barred by the special statute of limitations,
Gen. Sts. *c.* 97, § 5, property conveyed by the intestate in his lifetime in fraud of them,
which when recovered will constitute new assets within § 6.

GRAY, J. This is a bill in equity, brought by the administra-
trix of the estate of Martin Welsh to recover a sum of money
alleged to have been deposited in a bank by him, while indebted
in divers sums of money to different persons, and assigned by
him, without consideration, with intent to defraud his creditors,
to his sister Ann Welsh with knowledge of his debts and partici-
pation in his fraudulent intent, and by her withdrawn from the
bank and deposited in her own name. She and the bank are the
defendants in this suit.

Martin Welsh died January 17, 1867. The plaintiff was ap-
pointed administratrix February 5, 1867, and represented the

estate to be insolvent, and it was so declared by the probate court September 3, 1867. This bill was filed September 11, 1867, and alleged that the estate was still insolvent and said debts still due and unpaid, and that this suit was brought for the benefit of said creditors and of all the creditors of the estate.

Ann Welsh, in her original answer, put in issue the indebtedness and the fraud of the intestate at the time of the assignment to her, her knowledge thereof, and the insolvency of the estate; and in April 1870 filed a supplemental answer, alleging that more than two years had elapsed since the appointment of the plaintiff as administratrix, and since the estate was declared insolvent; that no suit at law or in equity has been brought against the estate or the administratrix, and that commissioners were appointed by the judge of probate, at the time of declaring the estate insolvent, to receive and examine claims against the estate, and have not reported any such claims, nor ever given notice of any meeting, nor held any meeting, nor has the time for them to make report been extended beyond the period of six months by any order of the probate court, nor has any action been taken by any creditor or alleged creditor of the intestate before the commissioners or before the probate court with reference to the offer or proof of any claims against the estate or the extension of the time within which the commissioners might receive claims or report to the probate court, and that all legal claims against the estate are barred by the statute of limitations. The facts stated in the supplemental answer being agreed to be true, the question reported for our decision is of their effect upon the plaintiff's right to maintain her bill.

It is the duty of an administrator, as representing the creditors of the estate, to collect all the assets which are applicable to the payment of debts. This bill was filed after the estate had been reported and declared insolvent, and before the expiration of the period of two years, prescribed by the statute limiting actions against executors and administrators. It may therefore be maintained, for the benefit of all creditors entitled to share in its results, to recover property conveyed by the intestate in fraud of creditors. *Holland* v. *Cruft*, 20 Pick. 321. *Chase* v. *Redding*,

13 Gray, 418. The property sued for has never been in the hands or control of the administratrix, and does not appear to have been included in her inventory. If recovered by this suit, it will constitute new assets, within the exception in the special statute of limitations, against which the creditors might enforce their claims, either before new commissioners appointed by the probate court, or by suit against the administratrix, at any time within two years after her actual receipt of the new assets. Gen. Sts. *c.* 97, §§ 5, 6; *c.* 99, §§ 6, 21. St. 1868, *c.* 327. *Holland* v. *Cruft*, 20 Pick. 321, 325. *Chenery* v. *Webster*, 8 Allen, 76. *Aiken* v. *Morse*, 104 Mass. 277.

The matters set up in the supplemental answer therefore afford no defence to the bill, and, according to the terms of the report, the case must be *Referred to a master.*

*H. L. Parker*, for the plaintiff.

*H. B. Staples & W. F. Slocum*, for Ann Welsh.