## JOSIAH BRACKETT *vs.* JAMES WILLIAMS.

At the hearing of a petition filed in September 1869, for the removal of an administrato on the ground that he had embezzled part of the estate, it appeared that he was appointed in January 1868; that the estate was represented insolvent, and commissioner appointed in October 1868; that the petitioner was a creditor of the intestate, but had never proved his debt; and that since the filing of the petition the report of the commissioners had been made and a dividend declared and paid to creditors who had proved their claims. *Held*, that the interest of the petitioner in the estate was sufficient to support the petition.

APPEAL by James Williams from a decree of the Probate Court, passed October 5, 1869, removing him from his office as administrator of the estate of John Williams, rendered on the petition of Josiah Brackett, dated September 13, 1869, alleging that the appellant had embezzled part of the estate.

At the hearing, before *Gray*, J., it appeared that the appellee was the holder of a note signed by the intestate ; that the appellant was appointed administrator in January 1868 ; that the estate was represented insolvent, and commissioners were appointed October 16, 1868 ; that due notice of the proceedings in relation to the insolvency of the estate, and of the meetings of the commissioners, was given to the appellee ; that he never proved or attempted to prove his debt ; that the report of the commissioners was duly made, a dividend declared, a decree of distribution made on March 1, 1871, by the Probate Court, and the dividend paid by the appellant to all parties named in the decree ; and that the appellant had settled his account of administration.

The case was reported by the judge for the consideration of the full court. If, upon these facts, the petition could be maintained, the cause to stand for hearing ; otherwise the decree to be reversed and the petition dismissed.

*J. A. Gillis*, for the appellee.

*S. B. Ives, Jr., & R. C. Lincoln*, for the appellant.

WELLS, J. The petitioner is a creditor. His petition was filed, and the decree of the Probate Court removing the administrator was passed, within two years after the appointment. His claim was not barred, therefore, by the Gen. Sts. *c.* 97, § 5.

He was not barred by the Gen. Sts. *c.* 99, § 20 : 1st. because it does not appear that the time for proof of claims before the commissioners had then expired under the Gen. Sts. *c.* 99, § 4 ; 2d. because eighteen months after the granting of letters of administration had expired, and it does not appear that it had then been ascertained whether the estate was or was not insolvent in fact ; Gen. Sts. *c.* 99, § 25 ; 3d. because it does not appear that, upon recovery of the property alleged to have been embezzled, the assets will not " prove more than sufficient to pay all the debts allowed by the commissioners ; " Gen. Sts. *c.* 99, § 20 ; 4th. be-

cause such property, when recovered, will be "further assets." Gen. Sts. *c.* 99, § 21. *Holland* v. *Cruft*, 20 Pick. 321, 335. *Chase* v. *Redding*, 13 Gray, 418. *Welsh* v. *Welsh*, 105 Mass. 229. In any aspect of the case, he was at that time "interested in the estate" sufficiently to entitle him to make complaint under the Gen. Sts. *c.* 96, § 6; or to institute proceedings under the Gen. Sts. *c.* 101, § 2; or to make the representation and bring an action upon the bond in accordance with *c.* 101, § 22. *Newcomb* v. *Wing*, 3 Pick. 168. He could not, it is true, bring a suit on the bond for his own benefit without leave of the judge of probate, and obtain execution for his own use, under §§ 19 and 20, and the first and second branch of § 28 of *c.* 101. But for the breach of duty with which this administrator is charged, no such suit could be maintained. The recovery would be for the benefit of the estate generally under the third or fourth branch of § 28. And the petitioner is interested in the right of the estate to recover this property as "further assets," whatever his position may prove to be in other respects.

The case must accordingly *Stand for hearing.*