JAMES T. ROBINSON, Judge of Probate, *vs.* AMELIA S. HODGE & others.

Berkshire. Jan. 5. — March 23, 1875. ENDICOTT & DEVENS, JJ., absent.

Sureties on the bond of an administrator are not liable to a creditor of the estate, for the amount of a judgment obtained by him in an action against the administrator commenced after the claim was barred by the Gen. Sts. *c.* 97, § 5, in which the defendant appeared and pleaded the statute and was afterwards defaulted.

Where an administrator includes in his inventory to the Probate Court patent rights of the intestate, money afterwards accruing to him therefrom, either as royalties or as proceeds of sales of the rights, are not new assets within the Gen. Sts. *c.* 97, § 6.

Neglect by an administrator, who has assets, to pay a judgment recovered against him by default in an action commenced more than two years after the filing of his bond for faithful administration, does not render his sureties liable to the judgment creditor.

CONTRACT on a bond given by the first named defendant as principal, and the others as sureties, conditioned that the said Hodge, who had been appointed administratrix of Nehemiah Hodge, should administer the estate of the intestate according to law, and render an account. Writ dated August 22, 1872.

The declaration alleged the appointment of the administratrix and the giving the bond in suit ; that an inventory was taken and filed, and the administratrix received the amount therein named, $21,286.72 ; that an account was rendered by her showing a balance in her hands of $10,605.05 ; that on December 5, 1870, the plaintiff recovered judgment in an action at law against the goods and effects of the intestate in the hands of the adminis-

tratrix for $2042.12; that execution issued on said judgment, and was returned unsatisfied; that a demand was made on the administratrix, and notice in writing given to the sureties; and that the said Amelia S. had not administered the estate according to law. The sureties alone answered, setting up the statute of limitations. Trial in this court, without a jury, before *Morton*, J., who reported the case for the consideration of the full court in substance as follows :

The action upon which the plaintiff recovered judgment, as alleged in the declaration, was begun on June 24, 1869. The defendant in said action appeared and put in an answer, in which she set up that she was appointed administratrix of the estate of Nehemiah before January 11, 1865, on which day she filed her bond, which was approved; that she gave notice of her appointment according to law; and that the action could not be maintained, because not brought within two years. The case was continued from term to term, and the plaintiff finally obtained judgment upon a default.

One item of the inventory filed by the administratrix was as follows : " Nehemiah Hodge's double acting car brake, $20.000." Another item was, "Atmospheric car brake, $50."

The first account rendered showed a balance of $225 in favor of the administratrix, filed November 13, 1866. The second account showed a balance in the hands of the administratrix of $10,605.05. This account was presented for allowance January 7, 1868, and allowed June 1, 1869. On one side were " receipts from various railroads " from April to September during the year 1867, amounting to $11,700.00. On the other side were credits to the amount of $1094.95, showing a balance of $10,605.05.

The plaintiff also put in the execution referred to in the declaration, and the returns thereon, which were in conformity with the allegations. No question arose but that the suit was properly authorized by the Court of Probate.

The defendants showed that the administratrix gave bond on January 11, 1865, and that the bond was filed and approved.

I found as a fact that notice was duly given by the administratrix in proper time, and in full compliance with the order of notice of the Probate Court. I also found that the items of $20,000 and of $50 in the inventory were patents owned by the

intestate, and that the items named in the second account of the administratrix were royalties received from parties using said patents ; that if the items of said account constituted new assets, the plaintiff did not have actual notice of their existence, until June 9, 1869, and no notice of the same until then, unless the presentation of said account is to be construed as such.

*G. M. Stearns & H. W. Bosworth*, for the plaintiff.

*M. Wilcox*, for the defendants.

WELLS, J.   It was held in *Dawes v. Shed*, 15 Mass. 6, that sureties upon the bond of an administrator could not be held liable to a creditor of the estate for the amount of a judgment obtained by him in a suit commenced after the claim was barred by the statute limiting actions against executors and administrators, to which the administrator neglected to plead the statute. We are not aware that that decision has been limited or qualified in any way since.   It is referred to with approval in *Heard v. Lodge*, 20 Pick. 53, 58, by Mr. Justice Dewey, stating more fully and precisely the rule and the reason for it.   Of this statute bar he says : " Its effect is therefore controlling and decisive, and to this extent the sureties may object to the effect of a judgment against their principal, when sued on their bond to the judge of probate."

The fact that the administratrix did plead the statute in this case does not distinguish it from *Dawes v. Shed*, because that issue was never tried.   Suffering a default afterwards was an abandonment of the plea.   The judgment of the court on default does not involve any consideration of the defence set up by the plea.

The suggestion that the administratrix may have submitted to judgment by reason of inability at that time to sustain the defence will not avail, especially as there is nothing in the case to indicate any foundation for it.

The money received from the patent rights, whether as royalties or as proceeds of sales of rights, was not " new assets."   We infer from the report, and it was so assumed by the argument on both sides, that this money arose from sales or contracts made by the administratrix, or, at least, that it accrued after the decease of the intestate, and that it arose from the inventions mentioned in the inventory.   It was the product of the property included in

the inventory ; and, in the same sense as are the income of stocks and the increase of live animals, it was embraced as a potentiality in the valuation of the patent for the invention. The new form which the property assumed or was converted into did not make it " new assets " in the sense of the statute. *Sturtevant* v. *Sturtevant*, 4 Allen, 122.

The fact that there were assets remaining in the hands of the administratrix does not affect the question of the right of the creditor to enforce his judgment against the sureties. If he could reach the goods and effects of the intestate in the hands of the administratrix, he might thus make the sureties liable to the distributees for the waste caused by the neglect of the administratrix ; because that would be a breach of the bond. But non-payment of a judgment so obtained is not maladministration which constitutes a breach of the bond.

Whether sureties of an administrator could go behind a judgment rendered against his defence upon the plea of the statute set up and attempted to be maintained in good faith, we need not now consider. The report shows that the defence might and ought to have been maintained successfully, and that the administratrix did not attempt it, but allowed judgment to go by default. Such a judgment may be binding upon the administratrix personally, and perhaps upon the personal assets remaining in her hands, if they can be reached by means of the execution. But it will not support supplementary proceedings for the appropriation of the real estate of the intestate, either by levy of the execution or by sale under license of the Probate Court ; because it is not founded upon a valid subsisting debt for which the real estate is chargeable. *Thayer* v. *Hollis*, 3 Met. 369. *Lamson* v. *Schutt*, 4 Allen, 359.

It is equally competent for the sureties to show that the debt is not one for which they ought to be made responsible, by reason of the statute bar. *Judgment for the defendants.*