P. RAPHAEL & another *vs.* O. REINSTEIN.

Suffolk.    March 18, 1891. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Sale of Goods — Election to rescind — Replevin — Insolvent Debtor — Proof of Claim.*

A seller of goods, who, upon discovering that the sale was induced by fraud, and thereupon replevying part of the goods, subsequently proves a claim for the balance as for goods sold and delivered against the purchaser's estate in insolvency, without objection on the part of the assignee or of any creditor, is not thereby precluded from maintaining his action of replevin.

REPLEVIN of certain clothing.    Trial in the Superior Court, before *Dunbar,* J., who reported the case for the determination of this court, in substance as follows.

The plaintiffs, who were wholesale clothing dealers, before October 28, 1889, sold various lots of clothing to one Levy, who was a retail clothing dealer, who never paid for them.    On that day Levy made an assignment for the benefit of creditors to the defendant, and the latter took possession of the goods.    The

plaintiffs on the same day, upon learning of this assignment, brought this action, and took from the defendant the clothing in question, which formed a part only of the lots sold by them to Levy. On October 31, Levy went into insolvency, and was duly adjudged an insolvent debtor, and his assignee in insolvency elected to rescind the assignment to the defendant, and intervened to defend this action for the benefit of the estate. The plaintiffs were allowed to prove a claim against the estate for the balance of the clothing sold by them to Levy. The plaintiffs introduced evidence tending to show that the sale of goods to Levy was induced by his fraud.

The defendant asked the judge to rule, that upon all the evidence, and especially by reason of their having proved their claim against the estate in insolvency, the plaintiffs could not maintain the action ; but the judge refused so to rule, and submitted the case to the jury on the issue as to whether the goods were obtained by fraud.

The jury returned a verdict for the plaintiffs, for nominal damages. If the defendant was entitled to the ruling requested by him, judgment was to be entered in his favor, and for a return of the goods ; otherwise, judgment was to be entered for the plaintiffs upon the verdict.

*G. E. Curry*, for the plaintiffs.

*H. R. Bailey*, for the assignee.

MORTON, J. The plaintiffs in this case, after discovering the fraud through which they were induced by the defendant to make the sale, could affirm or rescind the sale. They elected by bringing their writ of replevin to rescind it. That action was based on a claim entirely inconsistent with a valid sale on their part. It rested on the ground that the defendant had wrongfully obtained the goods by misrepresentation and fraud. Having once elected to rescind the sale, and having by their action effectively done so, the plaintiffs could not afterwards change their mind, and treat the sale as a valid one, unless it should appear, which is not the case here, that this election was made in ignorance of certain material facts affecting their rights or their remedies which afterwards came to their knowledge, or, possibly, through inadvertence or mistake of law or fact. *Butler* v. *Hildreth*, 5 Met. 49. *Metcalf* v. *Williams*, 144 Mass.

452. *Hooker* v. *Olmstead,* 6 Pick. 481. *Holden* v. *Metropolitan National Bank,* 151 Mass. 112. *Nichols* v. *Smith,* 143 Mass. 455. *Washburn* v. *Great Western Ins. Co.* 114 Mass. 175. *Sanger* v. *Wood,* 3 Johns. Ch. 416. The proof offered by them against the debtor's estate, as for goods sold and delivered, was therefore open to the objection on the part of the assignee or of any creditor that the plaintiffs, having elected to avoid the sale on the ground of fraud, could not prove for the balance of the goods not replevied as goods sold and delivered. The fact that no objection was taken to the proof, and that it was therefore allowed by the judge of insolvency, did not annul the election which the plaintiffs had previously and effectively made. It was within the power of the Court of Insolvency at any time to expunge the proof, or to allow it to be altered into a claim for goods wrongfully obtained. Pub. Sts. c. 157, §§ 26, 35.

The proof stands, if it stands at all, not on the ground that it could be rightfully made in the form in which it was allowed, but on the ground that the assignee or creditors have failed to avail themselves of a valid objection to it. It may be added, that the estate, even in the event of the proof standing, will suffer no harm, as the plaintiffs could have proved for goods fraudulently obtained. *Bickford* v. *Barnard,* 8 Allen, 314.

So far it has been assumed that the various lots of goods included in the sale constituted one sale; but it may be that, according to *Young & Conant Manuf. Co.* v. *Wakefield,* 121 Mass. 91, and *Miner* v. *Bradley,* 22 Pick. 457, the different lots could be treated as separate sales, and that the plaintiffs could rescind as to those which they could find and which they have replevied, and treat the sale of the others as valid, and prove accordingly. If that were so, then it is also clear that the proof in question could not operate as a bar to the prosecution of the writ of replevin.

The case of *Seavey* v. *Potter,* 121 Mass. 297, has been much relied on by the defendant. In that case the plaintiffs took notes for the goods sold, and, instead of surrendering them, retained them and proved one of them, after bringing their writ of replevin against the debtor's estate. In order to rescind, they should have returned the notes. They could not rescind in part and prove in part. Not having completed the act of rescission,

it was rightly held that the writ of replevin would not lie. The case of *Ormsby* v. *Dearborn,* 116 Mass. 386, differs still more from this. The plaintiffs proved their debt for the price of the goods, and then, without withdrawing their proof, sought to maintain replevin for the same goods. The court held that they could not do it, for the reason that they had elected to pursue their claim in insolvency as for a sale, and had not withdrawn the proof before bringing replevin, and the two remedies were inconsistent.

*Judgment for the plaintiffs on the verdict.*