## ABRAM K. GOULD *vs.* LILLA E. CAMP.

Worcester.    October 3, 1892. — October 31, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Estate of Deceased Person — Statute of Limitations — New Assets.*

A. made four promissory notes to B., who died, and whose husband and sole distributee, C., without taking out administration, indorsed the notes for value, without recourse, to D. Later, D. brought a bill in equity against the administrators of the estates of B. and C., and against A., upon which it was decreed that D. was the beneficial owner of the notes, except so far as they might be needed by the estate of B., and that A. should pay the notes to B.'s administrator. E. was appointed administrator of the estates of B. and C., and inventoried the notes as part of the estate of B. A. then got fraudulently from D. a release of the notes and decree, giving D. his note for $600. Afterwards D. brought another bill in equity to have the release set aside, and to compel A. to receive back his $600 note. D. then died, and his executor became a party plaintiff in his place; and he also filed an inventory and included the $600 note in his schedule of assets. Upon that bill in equity, it was decreed that D.'s executor have leave to sue A. at law in the name of E., A. having the right to set up such defences as he had. Subsequently a suit was brought, judgment was obtained, and the amount of the execution was paid by A. to the attorney who appeared for E. on the record, but who in fact was employed by D.'s executor. On the same day, which was more than two years after the appointment of D.'s executor, A. brought an action against him, and attached by trustee process the sum which he had thus previously paid to the attorney. To this action, the executor pleaded the special statute of limitations, Pub. Sts. c. 136, § 9. *Held*, that the action could not be maintained.

CONTRACT, upon an account annexed, against the executrix of the will of Clora F. Gould. Writ dated May 11, 1891. The answer, among other things, set up the special statute of limitations, Pub. Sts. c. 136, § 9. Trial in the Superior Court, before *Aldrich*, J., who directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the plaintiff.
*W. A. Gile*, for the defendant.

HOLMES, J.  This is an action against the executrix of one Clora F. Gould.  It is barred by the special statute of limitations, unless new assets have come to the defendant's hands, so as to bring the case within the exceptions of the Pub. Sts. c. 136, § 11.  The question is whether the plaintiff has made out such a case.

The alleged new assets are the proceeds of four notes recovered of the present plaintiff in a suit of *Mellen* v. *Gould*, and arrested by trustee process in the hands of the lawyer who acted for the plaintiff in that case.  These notes were made by the defendant in that case, the present plaintiff Abram K. Gould, to Julia Ann Gould.  Afterwards she died.  Then her husband and sole distributee, Sylvester Gould, without taking out administration, indorsed the notes for value, without recourse, to the above mentioned Clora F. Gould.  Later Clora F. Gould brought a bill in equity against the administrators of the estates of Julia Ann Gould and Sylvester Gould, and against the present plaintiff, upon which it was decreed, on February 21, 1885, that she was the beneficial owner of the notes, except so far as they might be needed by the estate of Julia Ann Gould, and that the present plaintiff should pay the notes to Julia Ann Gould's administrator, etc.  The above named Mellen was appointed administrator of the estates of Julia Ann Gould and Sylvester Gould, and inventoried the notes as part of the estate of the former.  In 1886 the present plaintiff fraudulently got from Clora F. Gould a release of the notes and decree, giving her his note for six hundred dollars.  In February, 1888, she brought another bill in equity to have this release set aside, and to compel the present plaintiff to receive back his $600 note, etc.  On September 26, 1888, she died, and the present defendant, who was appointed on November 8, 1888, as her executrix, became a party plaintiff in her place.  Upon this bill it was decreed, on November 22, 1890, that the present defendant have leave to sue the present plaintiff at law in the name of Mellen, the present plaintiff having the right to set up such defences as he had.  A suit was brought, a judgment was obtained, and on May 11, 1891, the amount of the execution was paid by the present plaintiff to the attorney on the other side, who in fact was employed by the present defendant, but who represented Mellen on

the record. The same day the present plaintiff brought this suit, and trusteed the sum he had paid over just before. The only fact to be added is, that on December 4, 1888, the present defendant filed her inventory, and included the fraudulently given $600 note in her schedule of assets.

The last mentioned fact may be disposed of first. If, when the inventory was filed, the present defendant still had been assuming that the fraudulent settlement was valid, and had manifested no election to avoid or to affirm it, but had avoided it at a later date, probably the alternative claim arising upon the election to rescind would be new assets. *Holland* v. *Cruft*, 20 Pick. 321. *Welsh* v. *Welsh*, 105 Mass. 229, 231. But that is not the case. The election to rescind had been manifested by Clora F. Gould in her lifetime, by bringing her second bill in equity, and, if that were not conclusive, it had been confirmed by the present defendant, who prosecuted the bill to a decree. *Butler* v. *Hildreth*, 5 Met. 49. *Raphael* v. *Reinstein*, 154 Mass. 178. The $600 note was in Clora F. Gould's hands at her death only because the present plaintiff refused to receive it back, and putting it in the inventory, even if a mistake, meant no more than the fact that it was found among the goods of the deceased. It did not mean or express an attempt to affirm a transaction which had been avoided previously, as the plaintiff well knew.

But it is said, not only was the $600 note set forth in the inventory, but the claim on the four notes, or on their proceeds subject to the claim, if any, of the estate of Julia Ann Gould, was left out. It is impossible, however, to lay down the universal principle that everything omitted from the inventory by accident or any cause, no matter what, is new assets, although the omission has not misled or affected the conduct of the other party in any way. In the present case, the plaintiff knew that the defendant was doing all in her power to assert this claim, and to turn it into money, and that he himself was the only obstacle to her doing so.

The only other ground for the plaintiff's position which occurs to us is, that the plaintiff's alleged fraud and the present defendant's right to recover were uncertain and contingent until the judgment on the notes settled them. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126, 128, and cases cited. But the ele-

ments of the defendant's right were all determined before the moment of her appointment, and nothing but the law's delays prevented her claims being tried and decided at once. Whenever a note has not been paid it may be resisted, yet notes and choses in action generally are assets. *Sturtevant* v. *Sturtevant*, 4 Allen, 122, 124. *Veazie* v. *Marrett*, 6 Allen, 372. The chance of getting the proceeds would be " embraced as a potentiality in the valuation." *Robinson* v. *Hodge*, 117 Mass. 222, 225. See further *Bassett* v. *Parsons*, 140 Mass. 169, 170. We suppose the notes were not in the defendant's hands at the time of the inventory ; but if not, the fact only enhanced slightly the practical difficulties in the way of a recovery.

In view of what we have said it is unnecessary to decide whether the plaintiff stands as well as if the claim against him had been a claim against a third person. As between him and the defendant, it is adjudged that Clora F. Gould had a right to avoid the settlement, and to recover the amount of the four notes. She had manifested her election to do so before she died. It may be doubtful whether he could say that money, which he was estopped to deny had been kept from the executrix's hands only by his own wrong, was new assets, even if otherwise it would have been so.

A question was suggested whether, if this money were new assets, it had come to the defendant's hands, inasmuch as the nominal plaintiff in the case of *Mellen* v. *Gould* had a lien on it, by the terms of the decree which we have mentioned, so far as it was needed for the estate of Julia Ann Gould. There may be a doubt whether any such point is open on the exceptions.

*Exceptions overruled.*