JOSIAH P. QUINCY *vs.* JOSIAH QUINCY, administrator.

Suffolk. January 12, 1897. — February 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Estate of Person Deceased — Statute of Limitations — New Assets.*

A reversionary interest in property conveyed to trustees for the benefit of creditors, which, at the time of the debtor's death and long afterwards, is supposed to be of no value, and, although known to the administrator and to a creditor whose claim arose after the conveyance, is not included in the inventory of his estate, but which eleven years subsequently turns out to be more than sufficient to pay the creditor's claim, may be found to be new assets, within Pub. Sts. c. 136, § 11, in an action brought by the creditor nearly twelve years after the administrator gave bond, and within the time limited by the statute.

CONTRACT, against the surviving administrator of the estate of Josiah Quincy, upon a promissory note for $15,000, dated May 22, 1882, payable on demand to the plaintiff, signed by the defendant's intestate, and witnessed. Writ dated July 30, 1894.

The answer, among other defences, set up the special statute of limitations, Pub. Sts. c. 136, §§ 9, 11. The plaintiff filed a replication, alleging that assets of the estate of the deceased had come to the defendant's hands after the expiration of two years from the time of his giving bond; and that the action was commenced within one year after the plaintiff had notice of the receipt of such assets, and within two years after the same were actually received. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*F. L. Hayes*, for the defendant.

*E. M. Parker*, for the plaintiff.

HOLMES, J. This is an action brought by the payee of a note against the administrator of the maker, nearly twelve years after the defendant gave bond. The plaintiff seeks to avoid the statute of limitations, on the ground that assets have come to the defendant's hands within the time limited by Pub. Sts. c. 136, § 11. The case was submitted to the Superior Court on an agreed statement with power to draw inferences, and the only question for us is whether the court was warranted in concluding that the plaintiff had made out his case.

The facts necessary to be mentioned are few. Some time before the death of the defendant's intestate and the making of the note in suit, he had conveyed valuable property to trustees for the benefit of creditors, with a provision that if, upon the full payment of all the creditors mentioned, any right, title, or interest remained undisposed of, they should reconvey the same to him. At the time of his death, on November 2, 1882, and long afterwards, this right to a possible surplus was supposed to be of no value, and, although known to both the plaintiff and a co-administrator of the defendant, it was not included in the inventory. On July, 1, 1893, however, the creditors agreed to accept stock in a real estate trust in satisfaction of their claims. The stock was delivered to them on October 18, 1893, and it turned out that there remained property to be handed over to the defendant which was much more than enough to pay the plaintiff, who, as a creditor of later date, had not been entitled to share the benefit of the intestate's trust. It should be added, that tenants

in common with the trustees contributed their interests to the real estate trust, receiving certificates in return, and that we cannot say that the Superior Court was not warranted in finding that, before the execution of the indenture, it was wholly uncertain whether the right to a surplus under the intestate's trust deed would turn out to be of any value.

On these facts, we are of opinion that the finding for the plaintiff was justified. The section of the Public Statutes upon which he bases his claim, Pub. Sts. c. 136, § 11, is a difficult one to construe. It cannot be taken to extend to all cases where tangible property first is received by the executor or administrator after two years, even if not included in the inventory. A vested interest in remainder or otherwise may have a market value, and may be present assets before the tangible property vests in possession. *Sturtevant* v. *Sturtevant*, 4 Allen, 122. *Robinson* v. *Hodge*, 117 Mass. 222. *Gould* v. *Camp*, 157 Mass. 358. But, on the other hand, the section must be given a serious meaning, and it would be made almost illusory if construed not to apply to any case where the right was vested at the debtor's death. In *Gould* v. *Camp*, 157 Mass. 358, the proceeds of four notes not included in the inventory were held not to be new assets, although a fraudulent release was outstanding and a suit was necessary to collect them. There the uncertainty was simply the empirical uncertainty of the verdict on facts already existing. Theoretically, if the evidence of the facts found was true, the verdict ought to have been certain. But in the case at bar, whether there would be a surplus or not may have depended upon facts undetermined until the formation of the real estate trust, upon the management of the trustees, upon the rise or fall in the value of real estate, upon the coming of the tenants in common into the scheme of the real estate trust, and possibly upon one creditor refraining from an election given him to waive his debt and to take the residue.

It almost follows from what we have said that this action may not have been brought too late. The real estate trust deed was not executed until July 21, 1893, and the certificates of stock were not delivered to the creditors until October 18, 1893, up to which time the creditors were to retain, and did retain, their evidences of indebtedness. At what precise moment it was ascer-

tained that there would be a surplus, or at what moment the plaintiff knew it, we cannot say, as matter of law. The action may have been brought within two years after the assets were actually received, and within one year after the plaintiff had notice of the receipt.          *Judgment for the plaintiff.*