GEORGE A. COPELAND *vs.* GEORGE W. FIFIELD, administrator.

Suffolk.    November 11, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Limitations, Statute of,* Special of two years, New assets. *Executor.*

In an action against an administrator brought more than two years after his giving bond and notice of his appointment, it appeared, that the defendant's intestate was in the business of making and selling shoe machinery with one M. After the intestate's death M. carried on the business with the assistance of the defendant, and profits were received from the business by the defendant more than two years after his giving bond and less than two years from the date of the writ. *Held,* that the profits constituted new assets within the meaning of Pub. Sts. c. 136, § 11. The defendant went beyond his legal duty in keeping the intestate's money in the business and taking the risk of making himself personally liable for debts incurred; moreover, the profits were in part due to his personal exertions; so that the profits were assets for which he previously had not been liable as administrator, and not a new shape or an increment or ordinary income of existing assets.

CONTRACT for services as an architect and for plans and specifications drawn for the defendant's intestate, Charles S. Fifield. Writ dated February 13, 1900.

The case was heard in the Superior Court upon agreed facts and a judgment entered for the plaintiff in the sum of $186.20, from which the defendant appealed. The plaintiff began his action more than two years after the defendant gave notice of his appointment as administrator, and the only question in the case was whether new assets within the meaning of Pub. Sts. c. 136, § 11, had come into the hands of the defendant within two years from the date of the writ.

*C. C. Barton, Jr.,* for the defendant.

*B. B. Dewing & S. R. Cutler,* for the plaintiff.

HOLMES, C. J. This is an action to recover a sum owed to the plaintiff by the defendant's intestate. The suit was brought

too late unless new assets have come to the defendant's hands, in which case it is agreed that the plaintiff is to have judgment. The defendant's intestate was in the business of making and selling shoe machinery with one Morse. After the intestate's death, Morse carried on the business with the assistance of the defendant, and the question is whether the profits received by the latter, down to a period considerably more than two years after his giving bond, are new assets. Pub. Sts. c. 136; § 11.

The section of the statute referred to was put into the Revised Statutes for the purpose of adopting the law declared in *White* v. *Swain*, 3 Pick. 365, and of fixing a limitation to the time within which creditors might proceed against the new assets. Rev. Sts. c. 66, § 4, and Commissioners' Notes. It would seem not to have been confined to that purpose, as it extended the law to cases where the estate had not been represented insolvent, as it had been in *White* v. *Swain*. See St. 1784, c. 2, *ad fin.; Johnson* v. *Libby*, 15 Mass. 140, 143. Since we do not have a judgment of assets *quando acciderint* in this Commonwealth, we can see no reason for requiring the plaintiff to proceed within the two years to a judgment for the defendant, (*Keith* v. *Molineux*, 160 Mass. 499, 501, 502,) as a condition to his right to sue at a later date. The statute seems to give the plaintiff rights against the new assets similar to those which he would have had on a judgment *quando acciderint*.

We are of opinion that the Superior Court was right in ordering judgment for the plaintiff. There was a greater uncertainty as to these assets than there was in *Quincy* v. *Quincy*, 167 Mass. 536. There the right was vested at the testator's death and was known, and the uncertainty was simply whether it would turn out valuable. In this case at the date of his appointment the defendant owed no duty to make these profits. They were due simply to his good will, — to his going beyond his legal duty and keeping the intestate's money in the business, presumably himself taking the risk of liability for debts incurred. If he had seen fit he might have insisted upon the strict course of winding up. *Freeman* v. *Freeman*, 136 Mass. 260, 263, 264 ; *S. C.* 142 Mass. 98. *In re Rose*, 80 Cal. 166, 172, 173. Lindley, Part. (6th ed.) 693. Cory, Accounts, 156. Moreover the profits were made, in part at least, by the personal exertions of the defend-

ant, and while it might be proper under some circumstances to consider what proportion should be attributed to capital and what to skill, *Robinson* v. *Simmons*, 146 Mass. 167, as this case stands it seems to be enough that the assets alone did not yield the gain, and to be unnecessary to take a more exact account on that or other grounds.

In the words of *Chenery* v. *Webster*, 8 Allen, 76, 77, the profits are "assets for which the executor or administrator has not been previously liable, and not merely the shape which existing assets, with which he has already been charged, may assume." Or, to adopt yet other forms of expression, the chance of the executor's voluntarily going beyond his duty and incurring personal risk was not "embraced as a potentiality in the valuation." *Robinson* v. *Hodge*, 117 Mass. 222, 225. *Gould* v. *Camp*, 157 Mass. 358, 361. If the plaintiff had sued his demand within the two years, the defence of *plene administravit* could have been maintained so far as later profits are concerned. *Alden* v. *Stebbins*, 99 Mass. 616, 617.

In the case of ordinary sales or collections the proceeds are not new assets, because in such cases the executor simply has done his duty and what has happened is what happens and ought to happen in the regular course of things. The same principle applies to income received in the common course. In *Littlefield* v. *Eaton*, 74 Maine, 516, the items all were treated as ordinary income or proceeds, as most of them certainly and all of them possibly were. No distinction was suggested with regard to the earnings of the schooner. But in the case of an extraordinary collection, as when property has been conveyed in fraud of creditors and is not included in the inventory, the assets when recovered are new. *Holland* v. *Cruft*, 20 Pick. 321, 325. *Welsh* v. *Welsh*, 105 Mass. 229, 231. It is unnecessary to consider other arguments for the plaintiff.

*Judgment for the plaintiff.*