LYDIA B. HORTON, administratrix, vs. LOUISE I. ROBINSON, executrix.

Dukes County.   March 12, 1912. — May 31, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Executor and Administrator*, New assets.

In an action against an executor by a creditor of the defendant's testator, brought under R. L. c. 141, § 11, after the expiration of the two year period of limitation alleging that the defendant had received new assets of which the plaintiff first had notice within one year, it appeared that the defendant was the sole legatee and devisee under the will of his testator, that he filed an inventory in which he set forth as all the estate of the testator $25 of personal property and no real estate, that about a year and a half after his appointment the defendant brought a suit in equity in his own name as devisee against a person to whom the testator had given a deed of real estate absolute in form, alleging that the deed was in fact a mortgage and seeking to redeem the real estate, and that more than two years after giving notice of his appointment he obtained a decree for redemption under which he received a deed of the real estate on paying personally the amount of the mortgage debt. It further appeared that the defendant when he filed the inventory knew that his testator had made the deed alleged to be a mortgage and of the grantor's alleged promise to reconvey the real estate. The plaintiff brought his action within one year after notice of the decree and of the deed to the defendant thereunder. *Held*, that by the decree and the conveyance thereunder the real estate became new assets of the testator's estate.

St. 1907, c. 549, limiting the time within which real estate of a deceased person conveyed absolutely or in mortgage for value and in good faith can be taken or sold for payment of his debts, has no application to an action brought against an executor after the expiration of the two year period of limitation by a creditor of the defendant's testator, alleging that certain real estate conveyed by the testator by a deed absolute in form and redeemed by the executor as sole devisee had become new assets of the estate under R. L. c. 141, § 11, of which the plaintiff first had notice within one year.

CONTRACT against the executrix of the will of Clarissa N. F. Norris upon a judgment against the defendant's testatrix for $1,663.86, alleging that the defendant within one year had received new assets of the estate of her testator. Writ dated May 6, 1910.

In the Superior Court the case was submitted to *Crosby*, J., upon an agreed statement of facts and an amendment thereto, by which the following facts appeared:

The plaintiff brought the action as the administratrix of the estate of Samuel Boyd, Jr. As such administratrix on September 2, 1901, she obtained the judgment sued upon against Norris, the defendant's testatrix, and no part of it was paid. Norris died on October 30, 1904, and on August 14, 1905, the defendant was appointed executrix of her will. On October 7, 1905, the defendant filed an affidavit of having given notice of her appointment, and on the same day filed an inventory of the estate in which she set forth as all of the estate of Norris $25 of personal property and no real estate. When the inventory was filed the plaintiff was ignorant of any real estate of Norris. On February 21, 1910, the defendant filed a "first and final" account, in which the only assets shown or accounted for were $25, and asked to be allowed for payments and charges to the amount of $101.75. This account never was acted upon or allowed. By the will of Norris the defendant personally was given all the property real and personal of the testatrix and was nominated executrix of the will. On February 9, 1907, the defendant personally brought an action, later changed to a bill in equity, against one Frank H. Newcomb, alleging that on August 31, 1901, Norris was seised in fee simple of certain real estate at Oak Bluffs which by a quitclaim deed of that date, duly recorded, she conveyed to Newcomb, that such deed was absolute in form but was in fact a mortgage, alleging further that the present defendant was the sole devisee under the will of Norris, and praying to be permitted to redeem such real estate. A decree was entered "that the plaintiff (Louise I. Robinson) is entitled to redeem," and the defendant Newcomb was ordered "to convey to the plaintiff (Louise I. Robinson) by quitclaim deed free from all incumbrances made or suffered by, through or under him" the said real estate upon payment of the sum of $474.12 less $38.83 costs. This decree was made on April 30, 1909. Newcomb filed an appeal and also a motion for a new trial. The appeal was waived in July, 1909, and the motion for a new trial was denied on July 2, 1909. By a deed bearing the date of the decree Newcomb conveyed the real estate to the defendant personally, as ordered by the decree. The deed was acknowledged on July 5, 1909, and was recorded on July 16, 1909. The plaintiff brought the present action within one year after notice of the decree.

The defendant at the time she filed the inventory as executrix of the will of Norris knew of the deed from Norris to Newcomb and of Newcomb's alleged promise to reconvey.

The defendant offered to prove that by a deed recorded on July 16, 1909, she personally conveyed the real estate to one Pauline McArthur. The plaintiff agreed that such was the fact but excepted to the admission of the evidence. The judge admitted the evidence subject to the exception.

It was agreed that the court might draw inferences of fact from the facts stated.

The judge made the following finding:

"This case having been submitted to me upon an agreed statement of facts and amendment thereto with power to draw inferences from such agreed facts, I find that the real estate which by final decree in equity made on April 30, 1909, was ordered conveyed by Newcomb to the defendant, and which real estate was thereafter in accordance with said decree conveyed to the defendant by deed recorded July 16, 1909, constituted new assets in the hands of the defendant in her capacity as executrix of the will of Clarissa N. F. Norris."

The judge found for the plaintiff in the sum of $2,568. From a judgment entered in accordance with this finding the defendant appealed.

The case was submitted on briefs.

*W. A. Morse & F. J. Geogan,* for the defendant.

*M. E. S. Clemons,* for the plaintiff.

BRALEY, J. By force of the decree in the suit in equity the deed of the testatrix conveying the land in question although unconditional in form in legal effect became a mortgage at the date of delivery to the grantee, and at her death she was seised of an equity of redemption which under the will passed by devise to the defendant. *Ewer* v. *Hobbs,* 5 Met. 1, 3. *Campbell* v. *Dearborn,* 109 Mass. 130. It is immaterial that the defendant brought the bill as devisee, or that in compliance with the decree the property upon payment of the mortgage debt, apparently from her own funds, was reconveyed to her as if she had been the original owner, or that subsequently she sold and conveyed it and received the purchase price. The defendant in the primary discharge of her duty as executrix was bound to collect and apply the assets of the estate

in payment of the debts of the testatrix, and, if she had redeemed within two years after giving notice of her appointment, the land notwithstanding the form of conveyance would have been held by her for the benefit of creditors. *Putney* v. *Fletcher,* 148 Mass. 247, 248. *Marvel* v. *Babbitt,* 143 Mass. 226. *Dudley* v. *Sanborn,* 159 Mass. 185. R. L. c. 146, §§ 1, 2. And she would have been entitled to reimbursement upon the settlement of her accounts in the court of probate for money advanced to discharge a valid mortgage debt of the testatrix. *Munroe* v. *Holmes,* 13 Allen, 109. The plaintiff, moreover, upon recovery of judgment against the defendant as executrix after redemption, and before expiration of the limitation could have levied the execution upon the land whether the ostensible title stood in her name or in the name of her grantee. *Tracy* v. *Strassel,* 191 Mass. 187.

But, as more than two years have elapsed since the defendant duly published notice of her appointment before the date of the plaintiff's writ, the action cannot be maintained unless under the provisions of R. L. c. 141, § 11, the estate when reconveyed is deemed new assets which can be applied in payment of debts, as if the property had been received within the two years. The omission of the executrix to inventory the property although she knew of the promise to reconvey upon payment of the loan, while significant, is not decisive of the question. *Gould* v. *Camp,* 157 Mass. 358, 360. It is certain, however, that by a conveyance absolute upon its face the testatrix had parted with the fee, and whether the oral agreement could be established depended as the event proved upon the successful outcome of future litigation. The statute should be given a practical application which will advance, and not defeat through over-refined distinctions, the remedy given to the creditor. *Fay* v. *Haskell,* 207 Mass. 207, 217. When the testatrix died no suit was pending as in *Bradford* v. *Forbes,* 9 Allen, 365, where after judgment the money collected was held not to be new assets, and the uncertainty of a suit in equity which would have to be instituted by the executrix to enforce the alleged right to redeem would not be considered ordinarily a commercial asset, or the equivalent of the property involved. It was not in the possession or within the control of the executrix until recovered, and an application for license to sell for the payment of debts a prospective law suit would have been a useless and

vain formality. If the right to redeem was vested in the testatrix, the uncertainty whether it had any appreciable value was much greater than that in *Quincy* v. *Quincy,* 167 Mass. 536, and in *Copeland* v. *Fifield,* 180 Mass. 223, where a reversionary interest in real property supposed to have had no value at the intestate's death, and not inventoried, but which long afterwards proved to be valuable, and profits made by an administrator who continued the business of his intestate, were decided to be assets. The defendant was not previously liable for this portion of the estate, but when she received the conveyance the property constituted assets not in existence when the inventory was filed, and which were new. *Chenery* v. *Webster,* 8 Allen, 76, 77. *Welsh* v. *Welsh,* 105 Mass. 229, 231. *Glines* v. *Weeks,* 137 Mass. 547.

It is contended by the defendant, that under the St. of 1907, c. 549, limiting the time within which the real estate of deceased persons conveyed absolutely or in mortgage for value and in good faith can be taken or sold for payment of their debts, the action is barred. But independently of the question, whether a devise of real estate is embraced within the words, "the real estate of the deceased conveyed absolutely or in mortgage," this statute is inapplicable where the property upon redemption becomes assets of the estate.

The action having been begun within one year after the date of the acknowledgment and recording of the deed delivered by the mortgagee in accordance with the decree, the judgment of the Superior Court for the plaintiff should be affirmed. R. L. c. 141, § 11.

*So ordered.*