JOHN A. PUTNEY vs. SAMUEL A. FLETCHER.

Essex.   November 14, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Estate of Deceased Person — Fraudulent Conveyance in Lifetime —
Equitable Attachment.*

A creditor of a person deceased cannot maintain a bill in equity, under the Pub. Sts. c. 151, § 3, to reach and apply, in payment of his debt, land fraudulently conveyed by such person in his lifetime.

BILL IN EQUITY, under the Pub. Sts. c. 151, § 3, to reach and apply in payment of a debt due to the plaintiff from the estate of Sally Fletcher, deceased, certain land, as conveyed by her in her lifetime to the defendant in fraud of creditors. The bill alleged, in substance, that Sally Fletcher, who was a debtor of the plaintiff, fraudulently conveyed in her lifetime the land in question to the defendant; that after her decease the defendant was duly appointed administrator of her estate and had represented it to be insolvent; and that the plaintiff, who was the only creditor of the estate remaining unpaid, had recovered judgment against the estate for the amount of his debt, but had been prevented from obtaining an execution by such insolvency proceedings; and prayed that the defendant might be ordered to give up the deed for cancellation, and, as such administrator, to include the land in his inventory as an asset of the estate. The defendant demurred for want of equity.

The Superior Court sustained the demurrer, and dismissed the bill; and the plaintiff appealed to this court.

*J. W. Porter*, for the plaintiff.

*G. B. Ives*, for the defendant.

C. ALLEN, J.   For the due and orderly settlement of the estate of a deceased person, under the direction and supervision of the Probate Court, the statutes contemplate that there shall be an executor or administrator who is suitable to represent the interests involved; and if it happens that an executor or administrator is unsuitable for that purpose, he may be removed and

another appointed in his place. An executor or administrator is deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty. *Winship* v. *Bass*, 12 Mass. 198, 200. *Thayer* v. *Homer*, 11 Met. 104, 110. *Hussey* v. *Coffin*, 1 Allen, 354, 357. *Drake* v. *Green*, 10 Allen, 124, 126.

It is among the ordinary duties of an administrator to collect all the personal property of his intestate, and, if this is insufficient for the payment of his debts, to sell his real estate for that purpose, first obtaining a license of court; and the real estate so liable to be sold includes land which would have been liable to attachment on execution by a creditor of the deceased in his lifetime. Pub. Sts. c. 134, §§ 1, 2, 4. And where the estate of the deceased has been represented insolvent, and it appears that a conveyance of land was made by him in his lifetime which there is reasonable ground to believe was fraudulent, the creditors have a right to insist that an administrator shall try the question; and if he refuses to do so after an offer of proper indemnity, he should be removed and another appointed in his place. *Bowdoin* v. *Holland*, 10 Cush. 17. *Glines* v. *Weeks*, 137 Mass. 547. *Andrews* v. *Tucker*, 7 Pick. 250. And in a case of this kind it was held accordingly that a creditor could not maintain an action at law, and levy upon the real estate so fraudulently conveyed, and thus satisfy the judgment he might recover, but that he must seek his remedy in the other mode. *Wildridge* v. *Patterson*, 15 Mass. 148.

The question in the present case is, whether under similar circumstances a new remedy has been given by the Pub. Sts. c. 151, § 3, so that a creditor can now maintain a bill in equity in his own name to reach and apply land so conveyed. We think not. The statutory provision referred to was passed for another purpose, and was not intended to change the established mode of settling the estate of a deceased person. The rights of creditors are well secured under other statutes, and the plaintiff's judgment may be presented for allowance in the same manner as other claims of creditors. Pub. Sts. c. 137, § 33. It would lead to great complications if several creditors were allowed to pursue a remedy in equity to reach and apply property of the estate of a deceased person which had been fraudulently

conveyed by him in his lifetime. The fact that the plaintiff was, according to his averment, the sole remaining creditor, does not change the course of procedure which he is entitled to follow.

*Decree dismissing bill affirmed.*