WILLIAM H. DUNBAR & another, trustees, *vs.* JOHN F. KELLY & another.

Suffolk. December 9, 1904. — October 25, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & LORING, JJ.

*Attachment. Execution. Equity Jurisdiction,* To remove cloud upon title.

The provision of R. L. c. 167, § 112, that an attachment of real or personal property shall be dissolved if the debtor dies before it is taken on execution, applies to an attachment of property fraudulently conveyed by the debtor as well as to an attachment of property standing in the debtor's name.

A levy of execution upon real estate of a deceased person under R. L. c. 178, § 53, in an action brought against such person before his death, in which the administrator of his estate has appeared and assumed the defence, is not rendered invalid by the dissolution of the original attachment of the real estate in the same action under R. L. c. 167, § 112, upon the death of the defendant before the execution was levied.

A person having the record title to land upon which an execution has been levied by a creditor of the grantor, on the ground that the land was conveyed in fraud of creditors, if under R. L. c. 178, § 31, the officer has suspended further service of the execution by reason of prior attachments, whereas those attachments at the time of the levy have been dissolved under R. L. c. 167, § 112, by the death of the debtor, so that the further service of the execution should have proceeded without unnecessary delay, if the delay is such as to defeat the levy, may maintain a suit in equity to have the cloud upon his title, consisting of the suspended levy appearing upon the record, removed, although the creditor afterwards can take out another execution and have it served promptly.

MORTON, J.   One Orlando E. Lewis conveyed to the plaintiffs certain real estate upon the trusts set out in a declaration of trust executed by them of even date with the conveyance.   Subsequent to the conveyance Coleman, one of the defendants, sued Lewis in contract and caused a special attachment to be made of the real estate thus conveyed.   The real estate was described in the officer's return as property of the said Lewis the record title to which stood in the name of D. Blakely Hoar and William H. Dunbar the plaintiffs in this suit.   Lewis died during the pendency of the action, and his administrators appeared and took upon themselves the defence of the action.   Coleman recovered judgment, sued out a writ of execution and placed it in the hands of one Martin a deputy sheriff who levied it upon the property specially attached, and by reason of certain prior attachments of the property as the property of Lewis suspended the levy and caused a copy of the levy and the suspension thereof to be duly recorded in the registry of deeds.   Martin died subsequent to the bringing of this bill, and thereupon the execution was committed to the defendant Kelly, a deputy sheriff, who now holds it and maintains the levy.   The bill has been amended by making Kelly a party, and is brought to have the cloud upon the plaintiffs' title thus alleged to exist removed.   The defendants severally demurred and the case was reserved for this court upon the bill as amended and the demurrers.   If the demurrers are sustained the bill is to be dismissed; otherwise to stand for hearing.

The statute expressly provides that, "An attachment of real or personal property shall be dissolved if the debtor dies before it is taken or seized on execution and administration of his estate is granted in this Commonwealth upon an application therefor made within one year after his decease."   R. L. c. 167, § 112. This applies, we think, to property fraudulently conveyed as well as to property the record title to which stands in the name of the debtor at the time of his death.   The object of the statute is to bring the property attached as well as other property into the control of the administrator as a general fund to be administered by him and thus to secure a more equal distribution of the assets especially in the case of insolvent estates.   *Bullard* v. *Dame,* 7 Pick. 239.   *Parsons* v. *Merrill,* 5 Met. 356.   *Wilmarth*

v. *Richmond,* 11 Camp. 463. *Day* v. *Lamb,* 6 Gray, 523. As between the debtor and his creditors property fraudulently conveyed remains the property of the debtor, and may be recovered or sold by the administrator by due proceedings. R. L. c. 146, §§ 2, 17; c. 178, § 1. *Drinkwater* v. *Drinkwater,* 4 Mass. 354. *Holland* v. *Cruft,* 20 Pick. 321. *Welsh* v. *Welsh,* 105 Mass. 229. And if an administrator refuses to take steps to try the question whether an alleged conveyance is fraudulent or not he may be removed and another appointed in his place. *Putney* v. *Fletcher,* 148 Mass. 247. The provisions giving creditors a remedy by writs of attachment and execution in the case of lands fraudulently conveyed (R. L. c. 167, §§ 38, 63, 64; c. 178, §§ 1, 47) are not intended, we think, to supersede the provisions in regard to the dissolution of attachments if the debtor dies before the land is taken on execution. In view of the rights and remedies given to administrators in relation to lands alleged to have been fraudulently conveyed, no good reason can be given why attachments by creditors of such lands should stand on any different footing, in respect to the dissolution of them by the death of the debtor, from attachments of lands the record title to which is in him at the time of his death. So far the case presented is that of an attachment undischarged of record but dissolved by operation of law, and whether the plaintiffs would be entitled to relief if that were all might admit of question. But the case goes farther. Coleman, as already observed, got judgment and caused the land to be seized and taken on execution. The levy was then suspended by reason of prior attachments and still remains or purports to remain suspended. It is this levy which really constitutes the alleged cloud upon their title, and further proceedings under which the plaintiffs seek to enjoin. It is expressly provided that " Land of a deceased person may be taken on execution on a judgment against his executor or administrator for the debt of the deceased, . . . and . . . shall be appraised and set off or sold, in like manner as if execution had been levied against the deceased in his lifetime." R. L. c. 178, § 53. And it is further provided that in the case of an execution levied on lands fraudulently conveyed the levy shall be void unless action is brought to recover possession within one year after the return day of the execution by the creditor to whom the land is set off,

or by the purchaser at the sale, or the person lawfully claiming
under either.   There is nothing limiting this to debtors who
are living, and the defendant Coleman therefore was acting
within his rights in causing the execution to be levied on the
land alleged to have been fraudulently conveyed, and the provi-
sion requiring an action to be brought within a year affords
a complete and adequate remedy at law.   The suspension of
a levy if there are prior attachments is provided for by stat-
ute (R. L. c. 178, § 31), and the delay which may thus be
caused as well as that which may arise from the limitation
in regard to the bringing of an action by the creditor do not
of themselves afford ground for equitable relief.   Otherwise
it would follow that in every case the alleged fraudulent gran-
tee would or might be entitled to have the question whether
the conveyance was fraudulent heard and determined in equity.
*Freeman* v. *Carpenter*, 147 Mass. 23, is directly to the contrary.
It is no doubt true that, since general equity jurisdiction was
conferred upon this court, cases have arisen in which it has been
exercised concurrently with that at law.   Assuming, without de-
ciding, that a case might arise in which an alleged fraudulent
grantee would be entitled to have the question heard and deter-
mined upon a bill to remove a cloud from his title we do not
think that this is such a case.   The plaintiffs are trustees under
a voluntary conveyance from one who was heavily indebted at
the time that it was made.   The scheme provides for the issu-
ing of preferred stock to an amount not exceeding $35,000 to
such creditors as choose to come in, and common stock to the
amount of $100,000.   The common stock has all been issued to
the grantor Lewis and his wife.   The defendant Coleman did
not choose to come in.   He brought an action against Lewis, as
he had the right to do, and attached the lands as fraudulently
conveyed, and obtained judgment, and took out execution which
he caused to be levied on such lands.   In all this he was acting
as already observed within his clear legal rights.

The plaintiffs contend that the levy is invalid because of the
dissolution of the attachment on which it is contended the levy
was based.   The levy was on "all the right, title and interest
which Orlando E. Lewis had (not exempt by law from attach-
ment or levy on execution) on the eighth day of October, A. D.

1901, at forty-five minutes past ten o'clock A. M. (being the time the same was attached on mesne process) in and to the following described real estate, the record title to which, at the time of said attachment, stood in the names of D. Blakely Hoar and William H. Dunbar, and is bounded and described as follows." The validity of the levy did not depend on the continuance of the attachment. If the defendant Lewis had any right, title or interest in the premises described, the levy operated as a seizure of it as of the date of the levy. The only effect of the dissolution of the attachment was to destroy the lien created thereby. See *Brackett* v. *Ridlon,* 54 Maine, 426 ; *Morse* v. *Sleeper,* 58 Maine, 329 ; *Coggswell* v. *Warren,* 1 Curt. C. C. 223. There is, however, one aspect of the case in which we think that the plaintiffs are entitled to the relief which they seek. The levy of the execution was suspended by reason of prior attachments. But those were dissolved by the death of Lewis. There was no just ground therefore for the suspension of the levy, and the parties should have proceeded without unnecessary delay to complete it. The delay was such as to defeat the levy and render any further proceedings under the execution of no effect. *Haskell* v. *Varina,* 111 Mass. 84. But the suspension of the levy constitutes a cloud upon the title which may continue indefinitely if not removed, and interfere seriously with the disposition of the property by the plaintiffs. *Hall* v. *Whiston,* 5 Allen, 126. *Russell* v. *Deshon,* 124 Mass. 342. *O'Hare* v. *Downing,* 130 Mass. 16. *Stevens* v. *Mulligan,* 167 Mass. 84.

The defendant Coleman can, no doubt, take out another execution, but we think that the plaintiffs are entitled to the relief prayed for against the execution already taken out and referred to in the bill. According to the reservation the case is to stand for hearing.

*So ordered.*

*J. G. Palfrey,* (*W. H. Dunbar* with him,) for the plaintiffs.
*F. S. Elliot,* for the defendants.