J. A. STOCKWELL, administrator *de bonis non*, *vs.* ETTA A. SHALIT & others.

Suffolk. November 22, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Executor and Administrator*, Insolvent estate, Recovery of property conveyed by decedent in fraud of creditors. *Insolvency. Deed*, Delivery.

In order for the administrator of an estate, which has been represented insolvent and commissioners for the receiving and examining of claims against which have been appointed by the Probate Court in accordance with R. L. c. 142, § 2, to maintain a writ of entry or a suit in equity to recover possession of land conveyed by the intestate in fraud of creditors, he first must obtain from the Probate Court a license to sell real estate of his intestate to pay debts.

A conveyance of land by an insolvent person in consideration of services which the grantee had rendered to the grantor for a number of years and for which the grantor repeatedly had promised to pay, although it is made with intent to defeat other creditors, is valid at common law, and, since there are no statutory provisions allowing the administrator of an insolvent estate to recover property so conveyed, if an insolvent person under such circumstances delivers a deed of his land in escrow to one who, after the death of the grantor and upon the grantee's paying the expense of preparing it, is to deliver it to the grantee, and upon the grantor's dying and the grantee's paying such expense, delivery of the deed is made to the grantee, the rule of the common law governs and the land cannot be recovered from the grantee, whose title vests from the time of the delivery of the deed in escrow.

BILL IN EQUITY, filed in the Superior Court on November 22, 1907, by the administrator *de bonis non* of the estate of one Penfield B. Goodsell against Etta A., Bernard and David H. Shalit, alleging in substance that the defendants were in possession of certain personal property formerly of the plaintiff's intestate, which they claimed as a valid *donatio causa mortis;* that the defendant Etta A. Shalit was in possession of certain real estate "belonging to the estate of the said Penfield B. Goodsell, the title to which stood in his name at the time of his death" and of which he was in possession and control at the time of his death; "that there was a certain alleged deed of the said prop-

erty running from said Penfield B. Goodsell to said Bernard Shalit, which was in the office of Evelyn B. Goodsell and Penfield B. Goodsell; that one R. W. Gloag, an attorney, who had desk room in the office occupied by the said Evelyn B. Goodsell, after the death of said Penfield B. Goodsell, delivered up the deed to said Bernard Shalit, who caused the same to be put on record and has since conveyed the same to his mother, the said Etta A. Shalit"; that the estate of the plaintiff's intestate had been declared insolvent; "that, even if said Penfield B. Goodsell, in his lifetime, made a gift of the property hereinbefore referred to, which plaintiff denies, he was at the time insolvent and said gifts are void as against his creditors and as against the administrator of his estate, who has duly demanded said property so claimed by the defendants to enable him to pay the debts of the estate of said Penfield B. Goodsell." The prayers of the bill were that the defendants be ordered to deliver to the plaintiff the personal property described in the bill, and that the defendant Etta A. Shalit be ordered to convey to him the real estate, and that she and the defendant Bernard Shalit be ordered to account to the plaintiff for the rents and income of the real estate.

The case was heard by *Fox*, J., who filed the following report of material facts:

"Penfield B. Goodsell was insolvent at the time of his death and on October 17, 1905. The estate has been so duly declared in Suffolk Probate Court.

"On October 17, 1905, a few days before his death, he caused a quitclaim deed of the real estate in question to be drawn by Ralph W. Gloag, an attorney, in which the appellee, Bernard Shalit, was named as grantee, with instructions to the attorney to collect his fees for drawing the deed from said Shalit.

"The following receipt was given to Goodsell by Gloag, the attorney, to wit:

"'October 17th, 1905.

"'I hold the deed of Penfield B. Goodsell to Bernard Shalit of the Winthrop Street estate in East Boston, dated the 17th of October, 1905, in trust to deliver the same to the grantee at death of Penfield B. Goodsell.

"'Ralph W. Gloag.'

" Goodsell before his death informed Shalit of what he had done and delivered the receipt to Shalit. The next day after Goodsell's death, Shalit called upon Gloag, the attorney, to deliver to him the deed, upon his paying for the drawing of the deed, as required by said Goodsell. The deed was immediately put on record and the property was subsequently deeded to Etta A. Shalit, the respondent, who has since been in possession and control of the real estate. The conveyance from Bernard Shalit to his mother was without consideration.

" There was a good and valuable consideration for the deed from Goodsell to Shalit in the services which Shalit had rendered Goodsell for a number of years and for which Goodsell had repeatedly promised to pay."

A decree was entered directing the defendants to deliver certain personal property to the plaintiff, and reciting that " the deed of real estate from Penfield B. Goodsell to Bernard A. Shalit, . . . delivered to the said Bernard A. Shalit by one Ralph W. Gloag, attorney, was given for a good and valuable consideration and was a valid conveyance and good as against the plaintiff or the creditors of Penfield B. Goodsell, and the subsequent deed by Bernard A. Shalit to the defendant Etta A. Shalit . . . was a valid deed and vested a good title to said real estate in the said respondent Etta A. Shalit." The plaintiff appealed.

The case was submitted on briefs.

*J. A. Stockwell,* administrator, *pro se.*

*W. E. Monk & F. Ranney,* for the defendant Etta A. Shalit.

BRALEY, J. The estate, under R. L. c. 142, § 2, having been represented insolvent, and commissioners appointed by the Probate Court, the administrator as their representative could recover for the payment of debts property conveyed by the intestate in fraud of his creditors. But an administrator cannot maintain either a writ of entry or the concurrent remedy of a bill in equity to recover possession of land fraudulently conveyed unless he first obtains a license to sell. R. L. c. 146, § 17. *Pease* v. *Pease,* 8 Met. 395. *Brigham* v. *Hunt,* 152 Mass. 257. *Billings* v. *Mann,* 156 Mass. 203. *O'Brien* v. *Murphy,* 189 Mass. 353, 357. *Tyndale* v. *Stanwood,* 190 Mass. 513, 516. If a demurrer had been interposed or the defense specially raised in the answer, the bill must have been dismissed as to the real

estate, for it contained no averment of this jurisdictional require-
ment, and the record fails to show that a license was granted. It
is only by operation of the statute that an administrator upon
recovery is enabled to transmit the title of his intestate to pur-
chasers as if the fraudulent conveyance had not been made.

By the memorandum of facts, the defendant holds under a
voluntary conveyance from her son. If, therefore, the first
conveyance was invalid, the defendant, not having been a pur-
chaser for value, cannot retain the land. But upon evidence
not reported the presiding judge found, that even if at the date
of the deed to the defendant's son, as well as at his decease, the
intestate was insolvent, the conveyance was given in payment
of services rendered by the grantee. A preference founded
upon a valuable consideration, although made with intent to
defeat other creditors, is valid at common law. *Stevens* v. *Bell*,
6 Mass. 338, 342. *Everett* v. *Walcott*, 15 Pick. 94, 97. If pro-
ceedings in bankruptcy or insolvency have not been instituted
before the debtor's death, the right of his administrator to set
aside a preference depends solely on our statutes relating to the
distribution among creditors of the estate. But no provisions
similar to those found in R. L. c. 163, § 110, governing prefer-
ences made by insolvent debtors having been enacted as to the
settlement of insolvent estates of deceased persons, the com-
mon law controls.

If, however, the plaintiff cannot set aside the preference, the
further finding that the deed was delivered in escrow to take
effect on the grantor's death does not as the plaintiff contends
avoid the conveyance or entitle him to a decree for a reconvey-
ance or for its cancellation. It was the intention of the grantor
that the scrivener, to whom he gave instructions accordingly,
should take and retain possession until the grantor's death,
when the deed was to be delivered to the grantee upon payment
by him of the expenses of preparing the instrument. The
directions having been followed and the payment made, there
was an acceptance by the grantee, and the estate vested from
the time of the execution of the deed. *Foster* v. *Mansfield*,
3 Met. 412. *O'Kelly* v. *O'Kelly*, 8 Met. 436. *Timothy* v.
*Wright*, 8 Gray, 522, 527. *Regan* v. *Howe*, 121 Mass. 424.

*Decree affirmed.*