FOURTH NATIONAL BANK OF BOSTON *vs.* LURA F. MEAD, executrix.

Suffolk.    January 22, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* Adequate remedy at law, To reach and apply property conveyed in fraud of creditors. *Jurisdiction. Equity Pleading and Practice,* Decree, Appeal.

Where, under R. L. c. 142, § 2, the estate of one, who died testate and the executrix of whose will is his widow, has been adjudged insolvent in the Probate Court and commissioners have been appointed to receive proof of claims, a suit in equity cannot be maintained, while the estate still is unsettled, by a creditor of the testator against the widow as executrix and personally to establish a debt owed to the plaintiff by the testator and to reach and apply in satisfaction thereof property alleged to have been conveyed by the testator to his wife with intent to hinder, delay or defraud his creditors.

Where in his lifetime a testator conveyed property with intent to hinder, delay or defraud his creditors, and after his death his estate is adjudged to be insolvent under R. L. c. 142, § 2, the duty of enforcing the right in equity to set aside such conveyance for the benefit of the testator's creditors rests upon the executor of his will and cannot be enforced by a creditor, even if the executor is the person to whom the fraudulent conveyance was made. In such a case the remedy of the creditors is by a petition in the Probate Court for the removal of the executor and the appointment of one who will perform such duty.

A creditor of a deceased testator brought a suit in equity against the executrix of his will, who was the testator's widow, as executrix and personally, to establish a debt owed to the plaintiff and to reach and apply in satisfaction thereof certain property alleged to have been conveyed by the testator to the defendant with intent to hinder, delay or defraud his creditors. It appeared that the estate had been adjudged insolvent, that commissioners had been appointed to receive proof of claims, and that the estate still was unsettled in the Probate Court, so that the court had no jurisdiction of the case; but such defense was

not set up in the pleadings, was not raised at the hearings and, on an appeal by the plaintiff from a decree partially in his favor, was not mentioned in the brief of either party in this court. *Held,* that the defendant could not create jurisdiction in the court over the cause and subject matter of the suit by her consent and waiver, and therefore that, the decree being void, this court could not decide the case on appeal, and the appeal must be dismissed.

BILL IN EQUITY, filed in the Superior Court on August 17, 1911, to reach and apply, in payment of a debt alleged to be due to the plaintiff from the defendant's testator, property alleged to have been conveyed to the defendant individually by the testator with the intent to hinder, delay or defraud his creditors.

In the Superior Court the case was heard by *Jenney,* J. The material facts are stated in the opinion. The objection that the court had no jurisdiction of the case was not raised either in the pleadings, as stated in the opinion, or at any point in the hearing in the Superior Court or on the defendant's brief in this court.

*F. N. Nay,* for the plaintiff.

*R. B. Stanley,* for the defendant.

BRALEY, J. The bill is brought against the defendant as executrix of her husband's will to have the indebtedness due from him to the plaintiff at the time of his death on three promissory notes for money lent established, and against her individually to reach and apply three parcels of real property alleged to have been deeded to her with the intention of hindering, delaying and defrauding the testator's creditors. It is averred and the answer admits that the estate has been represented insolvent under the R. L. c. 142, § 2, and commissioners have been appointed by the Probate Court to receive proof of claims.

The statute not only makes full provision for the presentation and allowance of claims, but by § 30 after the estate has been represented insolvent no action shall be maintained either at law or in equity to charge an executor or administrator with the payment of debts due from the deceased except in cases of preference not affected by the insolvency of the estate, or where the assets prove more than sufficient to pay debts allowed by the commissioners. *Herthel* v. *McKim,* 190 Mass. 522, 524. *Ryan* v. *Lyon,* 212 Mass. 416, 420.

The defendant as executrix moreover upon insolvency of the estate represented creditors, and being bound to recover and

hold for their benefit all the assets, which includes lands fraudulently conveyed, and hence liable to attachment and execution by a creditor of the testator in his lifetime, the plaintiff cannot under the guise of a bill to reach and apply usurp these powers, or transfer to a court of equity the settlement of the insolvent estate over which the court of probate is given by statute exclusive jurisdiction. R. L. c. 142; c. 146, § 2. St. 1907, c. 549. *Cummings* v. *Cummings,* 143 Mass. 340. *Putney* v. *Fletcher,* 148 Mass. 247, 248. *Flynn* v. *Flynn,* 183 Mass. 365, 366. *Dunbar* v. *Kelly,* 189 Mass. 390, 392. *Tracy* v. *Strassel,* 191 Mass. 187. *Coram* v. *Davis,* 209 Mass. 229, 247. *Norton* v. *Lilley,* 210 Mass. 214, 217. *Horton* v. *Robinson,* 212 Mass. 248. The properly appointed representative of the estate is the only person to institute proceedings for the recovery of the property, which if recovered is held in trust for creditors. *French* v. *Peters,* 177 Mass. 568, 572. *Sargent* v. *Wood,* 196 Mass. 1. *York* v. *Flaherty,* 210 Mass. 35, 43, and cases cited. *Stockwell* v. *Shalit,* 204 Mass. 270. *Tyndale* v. *Stanwood,* 186 Mass. 59. R. L. c. 148, § 17.

If by reason of the conveyances the executrix is rendered incapable of properly executing the trust, the remedy of the creditors, and of the plaintiff, is to apply to the Probate Court for her removal if upon request she refuses to account for the property, and asserts her title. *Glines* v. *Weeks,* 137 Mass. 547. *Putney* v. *Fletcher,* 148 Mass. 247, 248. *Dunbar* v. *Kelly,* 189 Mass. 390, 391, 392. *Norton* v. *Lilley,* 210 Mass. 214, 217.

But neither by demurrer nor answer have these defenses been raised, and the case is here on the plaintiff's appeal after a trial on the merits at which it prevailed only as to one parcel.

The consent or waiver of the defendant if sufficient to give jurisdiction of herself could not create jurisdiction over the cause and subject matter, which has not been vested by law in the trial court. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201, 204. *Santom* v. *Ballard,* 133 Mass. 464. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462.

The decree being void this court cannot decide the case on appeal, and the order must be, appeal dismissed. *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87. *Bearce* v. *Bowker,* 115 Mass. 129. *Peabody* v. *School Committee of Boston,* 115 Mass. 383.

*Ordered accordingly.*