ROY W. OSBORNE & another *vs.* EVA W. CRAIG.

Essex. November 10, 11, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Executor and Administrator. Probate Court,* Appointment of executor, Appeal.

At the hearing in a probate court of a petition for the proof of a will and the appointment as executors of two sons of the testator, nominated therein, there was testimony warranting findings that one of the sons five years before the death of his father had been appointed executor of the will of his aunt, that he had neglected without adequate excuse for nearly four years to file an inventory or an account, and to administer the estate promptly; that his delays had resulted in an advantageous offer to sell the real estate formerly of the aunt being lost; that a daughter of the testator, who was a beneficiary under a trust in the will which placed discretionary power in the trustees as

to expending of principal for her benefit, was not on friendly terms with that son; and that the widow, who was that son's stepmother, opposed his appointment and "felt timid" to be under his charge. The judge found the son in question to be "not suitable," denied the petition so far as it related to his appointment, and appointed the other son as sole executor. The testimony was taken by a commissioner appointed under G. L. c. 215, § 18. On appeal, it was *held*, that

(1) While, all the evidence being reported, it was the duty of this court to consider it and to decide the case according to their own judgment, the discretion of the judge who heard the evidence and saw the witnesses was entitled to great weight and his decision would not be disturbed unless this court were satisfied that it was clearly erroneous and not supported by the evidence;

(2) The Probate Court had the power to refuse to appoint one of the executors named by the testator if he was incapable of performing the trust or was unsuitable;

(3) The findings and decree by the Probate Court were warranted.

PETITION, filed in the Probate Court for the county of Essex on August 15, 1923, for the proof of the will of Wallace Osborne, late of Lynn, and the appointment of Roy W. Osborne and Archer P. Osborne as executors.

Opposition to the proof of the will was withdrawn, but the widow and all the next of kin excepting the petitioner Roy W. Osborne objected to his appointment as coëxecutor.

The petition was heard by *Dow*, J., in the Probate Court, a commissioner having been appointed under G. L. c. 215, § 18, to take the evidence. Roy W. Osborne and the widow, Rena M. Osborne, were the only witnesses.

By order of the judge, a decree was entered allowing the will, adjudging "that said Archer P. Osborne is a competent person to be appointed to said trust; but that said Roy W. Osborne is not suitable," appointing Archer P. Osborne as sole executor without a surety upon his bond, and dismissing "so much of said petition as prays for the appointment as executor of said Roy W. Osborne."

At the request of Roy W. Osborne, the judge filed a report of the facts found by him. Material evidence and facts found by the judge are described in the opinion. Roy W. Osborne appealed from the decree, averring in his claim of appeal that he was aggrieved by it "in so far as said decree appoints said Archer P. Osborne sole executor as aforesaid and does not appoint this appellant and said Archer P.

Osborne as executors, in accordance with the nomination contained in said will."

*H. L. Burnham*, for Roy W. Osborne.

*E. C. Jacobs*, (*W. F. Carleton* with him,) for the respondent.

CARROLL, J.   The testator died August 5, 1923.   In his will his sons Roy W. Osborne and Archer P. Osborne were named as executors and trustees.   His widow was given one third of the estate, the remaining two thirds to be divided among his children.   The share of his daughter Eva W. Craig was to be held in trust, the income to be paid to her during her life, and at her death the principal was to be held for her children.   If the income was not sufficient to support her, the trustees were given discretionary power to pay to her any portion or the whole of the principal.   The executors, by a codicil, were given discretionary power to divide among the children certain personal property.   In 1918 Roy W. Osborne, the appellant, was appointed executor of his aunt's will.   The Probate Court found that he had failed, without adequate excuse, to administer that estate promptly; that his inventory and account were not filed until the year 1922, " and were only filed then because of the insistence of his sister, Eva W. Craig, and her attorney, although he knew that Mrs. Craig had an advantageous offer to sell a parcel of real estate the title to which in some manner depended upon the completion of his work as executor.   By reason of his delay Mrs. Craig lost her opportunity to sell the property."   The court further found that the appellant and his sister, Mrs. Craig, do not speak to each other, are mutually antagonistic; that the testator's widow, the stepmother of the appellant, objected to his appointment; that it was doubtful if the appellant " would give proper consideration to the rights and wishes of his sister, Mrs. Craig, if called upon to exercise the discretionary powers given to him in the will and codicil."   A decree was entered that Roy W. Osborne was not suitable for the trust; letters testamentary to be issued to Archer P. Osborne.   From this decree appointing Archer P. Osborne the sole executor, Roy W. Osborne appealed.

The decision of the Probate Court in refusing to appoint

the appellant one of the executors of his father's will, and appointing Archer P. Osborne sole executor, should not be reversed unless it is plainly wrong. *Allen* v. *Allen,* 117 Mass. 27. *Dexter* v. *Codman,* 148 Mass. 421. A sound discretion rests in the Probate Court when called upon to decide whether an executor or administrator is unsuitable. All the evidence is reported, and it is our duty to examine it and decide the case according to our own judgment; but the discretion of the judge who heard the evidence and saw the witnesses is entitled to great weight, and his decision will not be disturbed unless we are satisfied that it was clearly erroneous and not supported by the evidence. *Winship* v. *Bass,* 12 Mass. 198. *Allen* v. *Allen, supra. Wilbar* v. *Diamond,* 249 Mass. 568.

A careful examination of the testimony satisfies us that the Probate Court was warranted in finding that the appellant was not a suitable person to be appointed executor. There was evidence showing that he failed to administer another estate with due diligence and with proper efficiency; that because of this delay his sister lost a purchaser for the property which was a part of her aunt's estate; that when he and his sister met at their father's funeral they were not on friendly terms; and that his stepmother opposed his appointment. She testified, " he was very firm and set in his way," that when " I told him that I could not have him over me, . . . he said . . . he was going to do what he wanted to and wasn't going to be controlled by anybody but himself "; that she " felt timid for him over . . . [her] charge." Without further reviewing the evidence, we are satisfied that the judge could find the appellant was unsuitable, and could infer that this condition continued; and that at the date of the petition and at the time of the hearing the appellant should not have been appointed, because unsuitable.

The Probate Court can remove an executor if he becomes " insane or otherwise incapable of performing the trust, or is unsuitable therefor." G. L. c. 195, § 11. The court has the power to refuse to appoint an executor named by the testator if he is incapable of performing the trust, or is unsuitable. It can remove such a person, although duly appointed; and it

can refuse, upon adequate evidence, to appoint him, if satisfied he is for any reason unsuitable. G. L. c. 192, § 4, providing that, if a will has been duly approved and allowed, letters testamentary shall be issued to the executor named therein, " if he is legally competent and a suitable person." See in this connection *Bowditch* v. *Banuelos*, 1 Gray, 220, 231, 232; *Cogswell* v. *Hall*, 183 Mass. 575.

*Decree affirmed.*