LOUISE MORGAN *vs.* CARL MORGAN & others.

THE UNION MARKET NATIONAL BANK OF WATERTOWN
*vs.* LOUISE MORGAN & others.

Middlesex.     April 4, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court,* Jurisdiction, Appointment of administrator, Findings by
judge. *Widow. Executor and Administrator.*

A petition, filed in a probate court and seeking the appointment of an
administrator of the estate of a deceased person, was heard by the
judge of probate upon certain testimony and statements of counsel.
The judge found that the petitioner was not suitable for appoint-
ment, but no decree then was entered on the petition. A short time
thereafter a second petition was filed seeking the appointment of
another person as administrator. At the hearing of the second peti-
tion, the judge without objection accepted all testimony then intro-
duced and the testimony and statements received at the hearing of
the first petition as bearing on both petitions. A stenographer was
appointed under G. L. c. 215, § 18, after the beginning of the second
hearing, but he did not take the entire testimony thereat. Upon appeals
taken from decrees entered on both petitions after the second hearing,
none of the evidence considered at the hearing of the first petition was
reported. The judge made findings of fact under G. L. c. 215, § 11.
*Held,* that in such circumstances the judge's conclusions of fact must
stand unless it appeared from the findings themselves that they were
wrong as a matter of law.

A person may be unsuitable, within the meaning of G. L. c. 193, § 1,
for appointment as the administrator of the estate of a deceased per-
son because the problems involved in the settlement of the estate
are unusual and troublesome or because the appointment of that
person would be likely to render the execution of the trust perplexed
or difficult.

In the appointment of an administrator of the estate of a deceased per-
son under the provisions of G. L. c. 193, § 1, the best interests of the
estate as a whole are to be considered, and unfitness may arise solely
out of the situation of the person under consideration for appointment
in connection with the estate without proof of physical or mental
incapacity.

At the hearing together in a probate court of two petitions, the first, by
the widow of a deceased man, seeking the appointment of the peti-
tioner or some other suitable person as the administrator of the man's
estate, and the second, by a creditor of the man, filed more than
thirty days after his death and seeking the appointment of a certain

attorney or some other suitable person as such administrator, it appeared that the attorney, after having been appointed receiver and trustee in bankruptcy proceedings previously instituted against the man, had dealt with his property; that those proceedings had been dismissed when it was found that the man had died previous to their commencement, and that the attorney had been ordered to settle his accounts and turn over the man's property to the administrator of his estate; that the attorney at all times had been willing so to account; that the attorney had been appointed special administrator of the man's estate; that the widow of the man had handled a part of his business for him; that the man had conducted his business fraudulently and that his affairs were in a confused condition requiring skill and experience in the handling of the estate; that it would be unwise to appoint a person having no previous knowledge of the situation; that the heirs of the man and some of his creditors favored the appointment of the widow; and that most of the creditors favored the appointment of the attorney. The judge found that the widow was not a suitable person for appointment and ordered the entry of a decree dismissing her petition; and found that the attorney was a suitable person and ordered the entry of a decree on the second petition appointing him. *Held,* that.

(1) No abuse of discretion under G. L. c. 193, § 1, appeared in the ordering of the first decree, which could not be said to be wrong as matter of law;

(2) As receiver and trustee in the bankruptcy proceedings, the attorney had no such personal interest in the estate as would prevent him from properly observing its interests as administrator; and, on the record, there was no error in the second decree.

PETITION, filed in the Probate Court for the county of Middlesex on April 13, 1928, seeking the appointment of the petitioner or some other suitable person as administratrix of the estate of Otto F. Morgan, late of Belmont. Also, a

PETITION, filed in the same court on April 21, 1928, seeking the appointment of Allan G. Buttrick or some other suitable person as administrator of said estate.

The petitions were heard together by *Leggat,* J., in the circumstances described in the opinion. Material facts found by the judge and reported under G. L. c. 215, § 11, are therein stated. By order of the judge there were entered decrees dismissing the first petition and allowing the second. Louise Morgan appealed from both decrees.

The case was submitted on briefs.

*H. F. R. Dolan, J. H. Morson, & J. S. O'Neill,* for Louise Morgan.

*V. C. Brink & D. Burstein,* for Allan G. Buttrick, administrator.

SANDERSON, J. This is an appeal by Louise Morgan, widow of Otto F. Morgan, from a decree of the Probate Court appointing Allan G. Buttrick administrator of her husband's estate, and also an appeal from a decree dismissing her petition for appointment as administratrix of the same estate.

The deceased had disappeared about February 24, 1928, and six weeks later the fact of his death first became definitely known. On March 1, 1928, a creditor's petition in bankruptcy was filed against him upon which he was duly adjudicated a bankrupt, and Allan G. Buttrick was appointed receiver and trustee in bankruptcy. He converted most of the assets of the estate into money which he was holding at the time of the hearing in the Probate Court, and had been at all times willing to account to any court for his dealings with the property. On May 2, 1928, the bankruptcy petition was dismissed on the ground that when it was filed Morgan was dead. An order was then made that the receiver settle his accounts in the bankruptcy court and turn over the property to Morgan's administrator. On April 13, 1928, the widow filed her petition for appointment as administratrix. On April 20, 1928, upon petition of a creditor, Allan G. Buttrick was appointed special administrator. On April 21, 1928, a petition for the appointment of Mr. Buttrick or some other suitable person as administrator was filed by a creditor. G. L. c. 193, § 1, provides that administration shall be granted to one or more of the persons thereinafter named if competent and suitable for the discharge of the trust and willing to undertake it, "unless the court deems it proper to appoint some other person." The widow of the deceased is named first, the next of kin second, and then follows the provision that "If none of the above are competent or if they all renounce the administration or without sufficient cause neglect for thirty days after the death of the intestate to take administration of his estate, one or more of the principal creditors . . . ."

On April 13, 1928, the judge heard testimony and received statements of counsel in lieu of testimony on the petition of

the widow and found that she was not a suitable person to be appointed. He stated that he deemed it proper to appoint some other person as administrator. On June 27, 1928, a hearing was held on the creditor's petition. At this time the decree on the petition of the widow had not been entered and at the request of her counsel the judge stated that he would accept all testimony then to be introduced on both petitions, and that he would take into consideration as bearing on both testimony introduced and statements made at the previous hearing. To this method of procedure no objection was made, and a stenographer was then appointed to take evidence under G. L. c. 215, § 18. The case, however, had been partly heard before the arrival of the stenographer, and the record does not show the entire testimony offered on June 27, and contains none of the evidence considered by the judge on April 13. In this state of the record his conclusions, based upon what took place at both hearings, must stand unless it appears from the findings themselves that they are wrong as matter of law. The judge found that the deceased died more than thirty days before the creditor's petition for the appointment of an administrator was filed. The heirs at law within the Commonwealth and some creditors favored the appointment of Mrs. Morgan, but nearly all of the creditors both in number and in amount favored the appointment of Mr. Buttrick.

The deceased had been a dealer in motor vehicles and his wife handled a part of this business for him. The judge found that he had conducted his business largely by fraudulent means, having caused employees, relatives and friends to sign promissory notes secured by fictitious conditional sales agreements of motor vehicles which were never delivered or intended to be delivered; that the notes and conditional sales agreements had been fraudulently sold, pledged and mortgaged, and on many occasions the deceased had sold, pledged or mortgaged the same motor vehicle to different persons; that a number of replevin actions had been brought by claimants of automobiles held by a warehouseman with whom the deceased had stored them; that other litigation had been begun or threatened; that the estate of the deceased was in a

complicated and confused condition and there was reasonable ground to suspect the existence of hidden assets belonging to the estate, discovery of which would require skill and experience; and that it would be unwise, inefficient, and a considerable burden and expense to the estate, to appoint as administrator a person having no previous knowledge of the situation. He repeated the finding that Mrs. Morgan was not a suitable person to administer the estate and stated again that he deemed it proper to appoint some other person. He also found that Mr. Buttrick was a fit and suitable person to be appointed. On June 27, 1928, decrees were entered dismissing the petition of Mrs. Morgan and appointing Mr. Buttrick administrator. From these decrees Mrs. Morgan appealed.

A person may be unsuitable because the problems involved in the settlement of the estate are unusual and troublesome, or because the appointment would be likely to render the execution of the trust perplexed or difficult. See *Winship* v. *Bass*, 12 Mass. 198, 200. The best interests of the estate as a whole are to be considered, and unfitness may arise solely out of the situation of the person in connection with the estate without proof of physical or mental incapacity. *Stearns* v. *Fiske*, 18 Pick. 24. *Thayer* v. *Homer*, 11 Met. 104, 110. *Osborne* v. *Craig*, 251 Mass. 169, 173. The judge of probate may refuse to appoint if for any reason the petitioner is unsuitable to administer the trust. *Davis, petitioner*, 237 Mass. 47, 49. *Osborne* v. *Craig, supra*, page 171. See *Worcester County National Bank, petitioner*, 263 Mass. 444, 460.

The clause in G. L. c. 193, § 1, "unless the court deems it proper to appoint some other person," following the provision that the court should grant administration of the estate of a deceased intestate to persons in the order named, first appeared, in substance, in St. 1914, c. 356, amending R. L. c. 137, § 1, where in one clause the requirement for the appointment of the widow of the deceased if competent and willing to take the office was followed by the qualifying words "unless it is necessary or proper to appoint some other person"; in the next clause the provision for the appointment of next of kin was followed by the same qualify-

ing words.   The apparent purpose of this amendment was to give the Probate Court a new discretionary power to consider the competency and suitableness of the petitioning party for the discharge of the trust.   Upon the record presented to this court the decree dismissing the petition of Mrs. Morgan cannot be said to be wrong as matter of law.

The appellant's objection to the appointment of Mr. Buttrick, as stated in the record, is that his interest as administrator would be adverse to his interest as receiver and trustee in bankruptcy.   There is no contention that he is otherwise disqualified.   "An executor or administrator is deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty." *Putney* v. *Fletcher*, 148 Mass. 247, 248.   The appointee has no personal interest in the estate of the deceased, and no conflict of interest has been shown that necessarily would prevent him from impartially protecting and prosecuting the interests of the estate.   See *Putney* v. *Fletcher, supra.*   In so far as his appointment is concerned, the case might be disposed of on the ground that the objection now urged should have been presented, if at all, when he was appointed special administrator.   To him in that capacity, the trustee in bankruptcy, whose duties had come to an end, would be expected to turn over the assets in his hands.   See *Drake* v. *Green*, 10 Allen, 124, 126.   It is not suggested that Mr. Buttrick did not faithfully administer his trust in the bankruptcy court and diligently collect and realize on the assets that could be discovered.   "The appointee should be a fitting person having regard to the special conditions of each estate and those interested in it as creditors, legatees, and next of kin.   Suitableness is capacity founded on the innate and acquired qualities of the particular person in his relation to the situation of the estate to be administered, and to those directly and indirectly to be affected by the settlement of the estate.   Attention may be given to personal characteristics and to all the other causes, not easily susceptible of enumeration, rationally affecting a judicious selection." *Davis, petitioner,* 237 Mass. 47, 49, 50.   The intimate knowledge gained by the appointee from having partially administered this compli-

cated and difficult estate, the desirability of having the estate entrusted to a competent member of the bar, and the wishes of the larger number of creditors, may well have influenced the judge in his decision.

We find no reversible error in the appointment of Mr. Buttrick as administrator.

*Decrees affirmed.*