CAROLYN MILLEN & another, trustees, *vs.* MARY F.
             KAVANAUGH & another.

Suffolk.    May 16, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets, Adequate
    remedy at law. *Trust*, Resulting. *Executor and Administrator.*

The provisions of G. L. c. 214, § 3, (7) (9), do not grant jurisdiction for the
    maintenance of a suit in equity by a creditor of a deceased person
    against the wife of the debtor, both in her individual capacity and
    as executrix of his will, to establish the debt and to reach and apply
    in satisfaction thereof real estate alleged by the plaintiff to have been
    conveyed to the wife by the procurement of the debtor, without any
    consideration having been paid therefor by her, and to be held by
    her "as the fiduciary and agent . . . and for the benefit of said"
    debtor: the plaintiff has an adequate and complete remedy at law.

BILL IN EQUITY, filed in the Superior Court on April 9,
1928, against the defendant individually and as executrix
of the will of James F. Kavanaugh, late of Boston.

The allegations of the bill relied on by the plaintiffs as
setting forth equitable grounds were as follows:

"7. That on or about August 15, 1926, the said James
F. Kavanaugh, caused to be conveyed to said defendant,
Mary F. Kavanaugh, wife of said James F. Kavanaugh, a
certain parcel of land with the buildings thereon, . . .
[described] . . . That said defendant, Mary F. Kava-
naugh, did not pay any consideration for the conveyance to
her of said premises; that the same were conveyed to said
Mary F. Kavanaugh, by the procurement and at the re-
quest of said James F. Kavanaugh, and that the said Mary
F. Kavanaugh, obtained, and to this day holds the title
to said premises as the fiduciary and agent of said James F.

Kavanaugh, and for the benefit of said James F. Kavanaugh and of his estate; that in justice and in equity, the value of said premises should be reached and applied toward the payment of the amounts due to the plaintiffs as hereinbefore set forth."

Other allegations of the bill are stated in the opinion.

A demurrer, described in the opinion, was heard by *Burns*, J., by whose order an interlocutory decree was entered sustaining it. By order of *Bishop*, J., a final decree was entered dismissing the bill. The plaintiffs appealed and in this court contended that the allegations of the bill showed that the defendant as an individual held the real estate in question as trustee under a resulting trust in favor of the debtor's estate; and that such equitable interest could be reached in the suit to apply on the debt alleged to be owed to the plaintiffs.

The case was submitted on briefs.

*M. M. Horblit, J. Wasserman, & D. A. Rose,* for the plaintiffs.

*F. J. Carney & P. E. Troy,* for the defendants.

SANDERSON, J. This is a bill brought by the plaintiffs, as trustees of the Millen Architectural Iron Works under a declaration of trust, against the defendant individually and as executrix of the will of James F. Kavanaugh. The bill alleges that the deceased at the time of his death was indebted to the plaintiff in a stated sum for labor and materials furnished at his request, for money lent, and also for the amount due on an account by a creditor of the deceased duly assigned to the plaintiffs. The bill further alleges that the deceased caused to be conveyed to his wife in August, 1926, certain land and buildings by procurement and at the request of the deceased, and that his wife obtained title as his fiduciary and agent and for his benefit; that the executrix does not hold in her possession property of the estate sufficient to satisfy the plaintiffs' claims unless she shall be adjudged to hold the real estate as such fiduciary and agent, and unless the value of the estate is declared in equity to be a part of his estate to be reached and applied by the plaintiffs and other creditors. The prayers of the bill are that the

amount due the plaintiffs be ascertained and execution issue therefor, that the right, title and interest held by the defendant individually in the real estate be adjudged to be held for the benefit of the estate of the deceased and subject to be reached and applied by the plaintiffs in satisfaction of the indebtedness. A demurrer on the ground that the bill was multifarious in joining several unrelated causes of action, and that the plaintiffs have a complete and adequate remedy at law, was sustained by interlocutory decree from which the plaintiffs appealed. They also appealed from a final decree dismissing the bill.

The executrix was bound to collect and apply the assets of the testator to the payment of his debts. *Horton* v. *Robinson,* 212 Mass. 248, 250, 251. G. L. c. 230, § 6, defines the manner in which actions shall be brought and executions shall issue to establish and recover debts due from the testator, and § 7 of the same statute provides that the real and personal property of the deceased shall not be attached on mesne process in an action upon a debt due from, or upon a claim against, the deceased, except upon permission of the Probate Court. By G. L. c. 214, § 3 (9), creditors may bring a suit in equity to reach and apply in payment of a debt any right of the debtor liable to be attached or taken on execution in an action at law against him, and fraudulently conveyed by him with intent to defeat, delay or defraud creditors. But this statute does not permit a creditor to maintain a bill in equity against the executrix of the will of the debtor to reach and apply in payment of the debt real estate fraudulently conveyed by the debtor to her. *Putney* v. *Fletcher,* 148 Mass. 247. *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549. If property which has been conveyed by the testator in fraud of his creditors is needed to pay debts, it is the duty of the executrix to institute proceedings for its recovery. G. L. c. 202, § 18. *Stockwell* v. *Shalit,* 204 Mass. 270, 272. *Mitchell* v. *Weaver,* 242 Mass. 331. If the executrix because of conflicting interests or for other reasons refuses or is not a proper person to institute such proceedings, she may be removed and a suitable person appointed. *Dunbar* v. *Kelly,* 189 Mass. 390, 392.

The demurrer was properly sustained on the ground that there was a plain and adequate remedy at law. It is unnecessary to decide whether it might also be sustained on the other ground alleged.

*Decrees affirmed, with costs.*