### In Re Estate of J. Herbert McGowan

(102 A2d 856)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, Adams and Chase, JJ., and Shangraw, Supr. J.**

Opinion Filed February 2, 1954.

William C. Hill and Albert W. Coffrin for the appellant.

Francis D. Foley and Joseph C. McNeil for the appellee.

**Sherburne, C. J.** On November 30, 1951, Earl C. Denicore of Burlington, and Graham McGowan, the appellant,

of South Bend, Indiana, were appointed co-administrators of the estate of the father of the latter, J. Herbert McGowan, late of Burlington, deceased. On December 12, 1952, upon the petition of the widow of the deceased, after hearing and the making and filing of findings of fact, the probate court issued an order removing the appellant from the office of co-administrator. The cause comes here upon appellant's exceptions. The only question raised is to the sufficiency of the findings of fact to support the order of removal.

V. S. 47, §2861, so far as here material, provides:

> "When an executor or administrator * * * absconds or becomes insane or otherwise incapable or unsuitable to discharge the trust, the probate court, in its discretion, may remove him * * * ."

■ For the due and orderly settlement of the estate of a deceased person, under the direction and supervision of the probate court, this statute contemplates that there shall be an executor or administrator who is suitable to represent the interests involved; and if it happens that an executor or administrator is unsuitable for that purpose, he may be removed. Under a statute containing language of like tenor, viz: "or where any executor shall become insane, or otherwise incapable of discharging his trust, or evidently unsuitable therefor, the judge of probate may remove him * * * ," an executor or administrator has been deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty. *Thayer* v. *Homer*, 11 Metc, Mass, 104, 110; *Putney* v. *Fletcher*, 148 Mass 247, 19 NE 370. Without deciding that the phrase "unsuitable to discharge the trust" may not have a broader meaning, we hold that an executor or administrator is unsuitable when he has such conflicting interest.

Among other things, the findings of fact show that the appellant has removed personal property of the estate from this jurisdiction, and that he holds securities of the estate personally and not as co-administrator. From these facts the probate court might fairly have inferred that the appellant

had conflicting personal interests which prevented him from doing his official duty, and that consequently he had become unsuitable to discharge the trust, and under our familiar rule we must assume in favor of the order of removal that such inference was drawn. *State* v. *Malmquist*, 114 Vt 96, 107, 40 A2d 534, and cases cited.

*The order removing Graham McGowan from the office of co-administrator of the estate of J. Herbert McGowan is affirmed. To be certified to the Probate Court.*